**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 2:03CR19(20) |
| | § | |
| AUGUSTINE BOYD | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On November 16, 2007, the court held a hearing on the government's petition (#1017) to revoke supervised release. The government was represented by Assistant United States Attorney Mr. Alan Jackson. The defendant was represented by Mr. Charles VanCleef.

Augustine Boyd was sentenced on June 10, 2004, before The Honorable U.S. District Judge T. John Ward of the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of possession with intent to distribute cocaine base, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of IV and a criminal history category of 23, was 70 to 87 months. Augustine Boyd was subsequently sentenced to 46 months imprisonment followed by three (3) years of supervised release subject to the standard conditions of release, plus special conditions to include participation in a program of testing and treatment for drug abuse as directed by the probation officer. On April 4, 2006, Augustine Boyd completed his period of imprisonment and began service of the supervision term.

On October 24, 2006, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following condition:

1) The defendant shall not commit another federal, state or local crime. Specifically, the government alleges as follows: On or about August 18, 2007, Mr. Boyd was arrested for causing bodily injury to Caprina Mahaffey, a member of Mr. Boyd's family and/or household, and for possession of a controlled substance (Alprazolam) in an amount less than 28 grams. On September 4, 2007, Mr. Boyd was convicted of each count in Harrison County, Texas, and sentenced to 90 days in jail.

The court scheduled a revocation hearing for November 16, 2007. At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to the allegations as set forth above. Based on the defendant's plea of true to the allegations, and with no objection by the defendant or the government, the court found that the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for nine (9) months, with no term of supervised release to follow such term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the allegation as set forth in the government's petition be **ACCEPTED**. Based upon the defendant's plea of true to the allegations, it is further recommended that the court find the defendant violated a condition of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with no term of supervised release to follow such term of imprisonment.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  *Douglas v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SIGNED this 3rd day of January, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE